UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRII MARKOV,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Field Office Director, U.S. Immigration and Customs Enforcement, San Diego Field Office, et al.,<br><br>         Respondents. | Case No.: 25-CV-3811 JLS (SBC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

   Presently before the Court is Dmitrii Markov's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Christopher J. Larose's (Field Office Director, U.S. Immigration and Customs Enforcement, San Diego Field Office), Kristi Noem's (Secretary of the U.S. Department of Homeland Security), and Pamela Bondi's (Attorney General of the United States) (collectively, "Respondents") Response to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the reasons set forth below, the Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus.

/ / /

/ / /

## BACKGROUND

Petitioner, a Russian national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 13, 2024. Pet. ¶ 16. Petitioner entered the United States on the same day through the CBP One program and app. *Id.* ¶¶ 20–21. ICE thereafter charged Petitioner as an applicant for admission, detained him, and initiated removal proceedings. *Id.* ¶¶ 5, 23. An Immigration Judge denied Petitioner's request for a bond hearing on jurisdictional grounds. *Id.* ¶ 26. Petitioner has remained in detention since January 13, 2024. *Id.* ¶ 6. Petitioner alleges his prolonged detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 10.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /
/ / /
/ / /
/ / /

## DISCUSSION

### I. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g). Ret. at 2–3. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that Petitioner's claims arise from DHS's decision to commence removal proceedings. Ret. at 3. The Court disagrees.

Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging is prolonged detention without a bond hearing. Traverse at 1–2. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

/ / /

/ / /

## II.    Merits

Detention under 8 U.S.C. § 1225 must comport with due process. "Nearly all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate various factors, including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

Petitioner argues that his prolonged detention—now almost exactly one-year— without a bond hearing violates his constitutional rights. Pet. ¶ 32. Respondents argue that nearly one year of detention is not unreasonably prolonged, and that Petitioner has not demonstrated that the other *Lopez* factors weigh in favor of granting a bond hearing. Ret. at 8. Petitioner responds that, in addition to the unreasonable length of his detention, his final merits hearing has been postponed five times due to the government, and now the length of his detention "has become indefinite" and "unknown," with no merits hearing scheduled. Traverse at 7. The Court finds Petitioner has not established that his detention is unreasonably prolonged based on delay or that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner's length of detention, without more, does not render his detention unreasonable. *See Lopez*, 631 F. Supp. at 880. Accordingly, the Court **DENIES** the Petition.

/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **WITH LEAVE TO AMEND**.  Petitioner **MAY FILE** an amended petition within twenty-one (21) days of entry of this Order.

**IT IS SO ORDERED.**

Dated: January 13, 2026

Hon. Janis L. Sammartino
United States District Judge