UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DMITRII MARKOV,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Field Office Director, U.S. Immigration and Customs Enforcement, San Diego Field Office, et al.,

Respondents.

Case No.: 25-CV-3811 JLS (SBC)

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 10)

Presently before the Court is Dmitrii Markov's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 10). Also before the Court is Respondents' Response to Amended Petition for Writ of Habeas Corpus ("Ret.," ECF No. 12). Petitioner did not file a Traverse. *See generally id.* For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a Russian national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 13, 2024, when he entered the United States through the CBP One Program. Pet. ¶ 1; Ret. at 1. ICE thereafter

initiated removal proceedings, and Petitioner applied for asylum.  Ret. at 1–2.  Petitioner contends that his merits proceedings have been rescheduled on twelve occasions.  Pet. ¶¶ 4, 6.  The original date for Petitioner's final merits hearing was December 2, 2025.  *Id.*  The hearing is now set for May 11, 2026.  *Id.* ¶ 4.  Petitioner alleges his continued detention, now over thirteen months, without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  *See generally id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional."  *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at \*5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process."  *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up)

25-CV-3811 JLS (SBC)

(collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal.  *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing.  Petitioner's length of detention without a bond hearing, now over thirteen months, weighs in Petitioner's favor.  Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable.  *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process).  The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that his "detention no longer has a reasonably predictable endpoint" since his final merits hearing has been rescheduled on several occasions.  Pet. at 5.  Respondents argue that after the schedule merits hearing, "the pathway to removal will be clear."  Ret. at 9.  The Court disagrees, as the outcome of Petitioner's merits proceedings is unknown, and any appeals to follow may take several years.  *See Guatam*, 2026 WL 25846, at *5  ("[A] removal order may not become final until after the appeals Petitioner could file, to both the Board of Immigration Appeals and Ninth Circuit."); *Prabhpreet v. LaRose*, No. 26-CV-393-JES-SBC, 2026 WL 310192, at *4 (S.D. Cal. Feb. 5, 2026) ("Petitioner has an upcoming hearing . . . but Petitioner alleges that he has had other scheduled hearings that have been moved and there is also no indication that this hearing will even result in a final decision in his removal

proceedings."); *Zarei v. LaRose*, No. 26-CV-0308-GPC-MMP, 2026 WL 252585, at *5 (S.D. Cal. Jan. 30, 2026) (finding that likely duration of future detention weighed in favor of petitioner with upcoming merits hearing).

Delay in removal proceedings is neutral since the record, as presented to the Court, does not indicate any delay by Respondents or Petitioner. *See Rash v. LaRose*, No. 26V0008-LL-DEB, 2026 WL 249324, at *5 (S.D. Cal. Jan. 30, 2026).

In balancing these factors and affording greater weight to the length of Petitioner's detention, the Court finds that Petitioner's allegations establish that his detention is unreasonably prolonged. *See id.* at *4 ("The total length of detention is considered the most important factor.") (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 10), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Parties **SHALL FILE** a Joint Status Report by <u>March 16, 2026</u>, informing the Court of the outcome of the hearing. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: February 23, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge